UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>W. GIBBONS, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00615-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>[ECF No. 12] |

Plaintiff Rodney Jerome Womack is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for leave to proceed in forma pauperis, filed August 8, 2019.

**I.**

**LEGAL STANDARD**

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g);

Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II.
## DISCUSSION

As a threshold issue before turning to whether the PLRA applies to this case, the Court must examine whether Plaintiff's claim is properly brought in a civil rights action, pursuant to 42 U.S.C. § 1983, rather than in a petition for writ of habeas corpus. In this case, a finding in Plaintiff's favor, i.e., that he is being subjected to retaliation and excessive force, would not necessarily impact the duration of his confinement. Therefore, his claim falls outside of the core of habeas corpus, and is properly brought in a civil rights complaint. See Nettles v. Grounds, 830 F.3d 922, 934-35 (9th Cir. 2016) (en banc).

Turning to the application of the PLRA in this matter, the Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: Womack v. Daley, Case No. 3:99-cv-02469-NMC, 1999 Dist. LEXIS 24146 (N.D. Cal.) (dismissing on July 6, 1999 as frivolous); Womack v. Super. Ct. Judge, Case No. 3:99-cv-02470-NMC, 1999 U.S. Dist. LEXIS 24145 (N.D. Cal) (dismissed on July 6, 1999 for failure to state a claim); Womack v. Donahoo, Case No. 2:12-cv-03110-WBS-EFB (E.D. Cal.) (dismissed on September 13, 2013 for failure to state a claim); Womack v. Perry, Case No. 2:15-cv-01858-JAM-DB (E.D. Cal.) (dismissed on February 21, 2018 for failure to prosecute, following a screening order dismissing second amended complaint for failure to state a cognizable claim). See Harris v. Mangum, 863 F.3d 1133, 1142 (9th Cir. 2017) ("[W]hen we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal rang the PLRA bells of frivolous, malicious, or failure to state a claim.") (citing El-Shaddai v.

Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)) (internal quotations omitted). Plaintiff has been informed in prior cases that he is subject to § 1915(g).[1]

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint on May 6, 2019. Andrews, 493 F.3d at 1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the inquiry is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

The Court finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff contends that on December 22, 2018, he was "assaulted" by four officers in retaliation for his refusal to accept a cellmate and the filing of three inmate appeals against other staff members. On this date, Plaintiff was sent to mental health suicide watch. Plaintiff explained to the mental health clinician that he was being subjected to harassment, and Plaintiff was advised that he would be moved to a different building. However, officer Gibbons denied the request. Plaintiff "explained to Gibbons that Im not leaving suicide watch. Gibbons got about five other correctional officers opened the door to the suicide tank I was occupying and told me to put my hands behind my back to be handcuffed. I complied and was escorted back to Building 2. I was placed back in my original cell B2, cell-102, with my hands handcuffed behind my back. The door was closed to the cell and the tray-slot was opened. An officer instructed me to back-up to the door and put my hands through the tray-slot to be unhandcuffed, I refused. I explained to the officer that I need to talk to a different S.G.T. and my mental health clinician then I will give them the handcuffs. S.G.T Gibbons came to my cell and ordered me to put my hands through the tray slot to be unhandcuffed. I refused, and informed S.G.T. Gibbons I need to talk to my mental health clinician. Gibbons ordered my cell door to be opened, entered the cell and ordered me to get down on my knees, I refused. Gibbons then kicked my feet up from under me and I hit the floor with my back hard. At that point three other

---

[1] The Court takes judicial notice of Womack v. Sullivan, Case No. 2:14-cv-00085-WBS-EFB (E.D. Cal.) (ECF No. 5), aff'd 594 Fed. App'x 402 (9th Cir. 2015), and Womack v. Swingle, Case No. 2:17-cv-00829-JAM-AC (E.D. Cal.) (ECF No. 6).

correctional officers ran into my cell and started viciously, brutally attacking me, pummeling me in my head, face and upperbody [sic] and back areas. After I was beat senseless the officers threated a long chain around my handcuffs and threaded the other part of the chain through the tray slot. S.G.T. Gibbons ordered the cell door to be closed, then the officers pulled their end of the chain through the tray slot which forced me to be dragged across the cell-floor with my hands handcuffed behind my back. This action allowed the officers to forcefully pull my hands through the tray slot to be unhandcuffed. Once unhandcuffed the officers walked away laughing and S.G.T. Gibbons stated now he would move me to another building. These officers refused me any type of medical treatment after this attack. The attack took place on 12/22/18, I received my first medical recorded acknowledgment of this attack on 1/5/19." (Compl. at 4-6.)

Plaintiff's allegations of excessive force are based on a single incident which took place on December 22, 2018, in which Plaintiff admittedly failed to comply with several direct orders by officers and do not satisfy the imminent danger exception. In addition, Plaintiff's claim that he is continuously subjected to retaliation at level four institutions is vague and speculative. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001) (en banc) (while declining to reach question of whether "imminent danger" encompasses an ongoing danger of serious physical injury, noting that the plaintiff's allegations of past acts of physical harassment were not sufficiently specific or related to support an inference of an ongoing danger). Moreover, Plaintiff acknowledges that he was moved from Building 2 where the alleged harassment and incident took place. Furthermore, the Court notes that Plaintiff raised similar claims in Womack v. Baughman, Case No. 2:17-cv-02708-TLN-KJN (E.D. Cal.) and it was determined that Plaintiff failed to meet the "imminent danger" exception. Based on the allegations in the complaint, Plaintiff has failed to present a plausible claim that he was under imminent danger of serious physical injury at the time of filing. Consequently, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

///
///
///
///

4

## IV.

## RECOMMENDATIONS

Accordingly, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 12), be DENIED, pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting this Findings and Recommendation.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 12, 2019**

UNITED STATES MAGISTRATE JUDGE