# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK, | Case No.: 1:19-cv-00615-AWI-SAB (PC) |
| Plaintiff, | |
| v. | ORDER ON FINDINGS AND RECOMMEDNATION AND ORDER GRANTING IN FORMA PAUPERIS STATUS |
| W. GIBBONS, et al., | |
| Defendants. | [ECF Nos. 12, 13, 15] |

Plaintiff Rodney Jerome Womack is appearing pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

On August 12, 2019, the Magistrate Judge issued Findings and Recommendations ("F&R") recommending that Plaintiff's application to proceed in forma pauperis be denied because he has suffered three or more strikes under 28 U.S.C. § 1915(g), and that Plaintiff be required to pay the $400.00 filing fee in full. (ECF No. 13.) The F&R was served on Plaintiff and contained notice that objections were to be filed within fourteen (14) days. (Id.)

On August 20, 2019, Plaintiff filed objections. (ECF No. 14.) Then, on August 26, 2019, Plaintiff filed a motion to amend the objections. (ECF No. 15.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. The Court agrees with the F&R that Plaintiff has not adequately

1

demonstrated an imminent danger of serious physical injury associated with retaliation or his current housing assignment. Plaintiff's arguments are based on past acts and are non-specific, vague, and conclusory. See Andrews v. Cervantes, 493 F.3d 1047, 1055, 1057 n.11 (9th Cir. 2007); Abdul-Akbar v. McKelvie, 239 F.3d 307, 313 (3d Cir. 2001); White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998) ("Vague and utterly conclusory assertions" of harm are insufficient); Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

However, in his objections, Plaintiff states that he has been denied medical treatment of "any type" for the injuries he suffered as a result of the alleged excessive force. Plaintiff's amended complaint also alleges that his left hand is constantly numb and painful, his lower back is painful, and his left shoulder is in excruciating pain. Plaintiff also submits thirteen CDC Form 7362's (Health Care Services Request Forms) that span from January 5, 2019 to May 31, 2019. In each form, Plaintiff complains about pain and numbness in his hand, pain in his lower back, and pain in his shoulder. Finally, the May 31, 2019 form states that Plaintiff was again denied treatment for these problems.

In order to meet the imminent danger exception, the prisoner must make "a plausible allegation that he faced 'imminent danger of serious physical injury' at the time of filing." Andrews, 493 F.3d at 1055. Generally, when a prisoner is receiving treatment, allegations of pain do not establish imminent danger. See Fields v. Omosaiye, 2019 U.S. Dist. LEXIS 67325, *4 (N.D. Cal. Apr. 19, 2019) (and cases cited); Thompson v. Rissa, 2018 U.S. Dist. LEXIS 91795, *4-*5 & n.6. Here, Plaintiff states that he is not being treated for pain in his hand, shoulders, and back and numbness in his hand, and that these conditions resulted from excessive force. The Form 7262's are consistent with Plaintiff's statement that he has not received any type of treatment. It is unclear what Plaintiff's underlying medical condition is. However, Plaintiff is not a physician and, crediting Plaintiff's allegation that he is not being treated, it is unclear whether Plaintiff has been told of a diagnosis or could know what medical conditions he has or what his prognosis may be. For now, the Court is satisfied that the nature of the onset of the symptoms, the symptoms themselves (particularly constant numbness), and the duration of the symptoms, when combined with the key allegation that Plaintiff has not received any treatment for these symptoms/conditions, are sufficient to plausibly show an imminent danger of physical injury.

The F&R understandably focused on Plaintiff's allegations regarding his fear of unclear forms of retaliation. However, after considering Plaintiff's objections and reliance on this medical condition, which existed at the time he filed both his original and first amended complaint, the Court finds that granting Plaintiff in forma pauperis status is appropriate at this time. Because the F&R reached a contrary conclusion, the Court respectfully will not adopt this aspect of the F&R.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Court declines to adopt the recommendation of the Findings and Recommendation (Doc. No. 13) to deny Plaintiff in forma pauperis status;
2. Plaintiff's motion to proceed in forma pauperis status is GRANTED; and
3. This matter is referred to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: November 21, 2019

SENIOR DISTRICT JUDGE