UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>W. GIBBONS, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-00615-AWI-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S AMENDED MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>[ECF No. 37] |

Plaintiff Rodney Jerome Womack is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's amended motion for appointment of counsel, filed on June 29, 2020.

As Plaintiff is aware, he does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1), Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  Nevertheless, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted). "Neither of these considerations is dispositive and instead must be viewed together." Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on Plaintiff. Id.

The Court has considered Plaintiff's request for appointed counsel, but does not find the required exceptional circumstances. Initially, circumstances common to most prisoners, such as lack of legal education, limited law library access, and lack of funds to hire counsel, do not alone establish the exceptional circumstances that would warrant appointment of counsel. Specifically, Plaintiff's apprehension with pursuing this case on his own and during the settlement conference, while understandable, is not sufficient grounds for appointing counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). In addition, although Plaintiff contends that he cannot litigate this case, along with the other case he has pending in this Court, the Court finds that Plaintiff has demonstrated that he is able to clearly articulate his claims and prosecute this action. Therefore, Plaintiff's amended motion for the appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **July 1, 2020**

UNITED STATES MAGISTRATE JUDGE

2