UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>W. GIBBONS, et al.,<br><br>　　　　Defendants. | Case No.: 1:19-cv-00615-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING PLAINTIFF'S MOTION FOR ACCESS TO LEGAL BOOKS BE DENIED<br><br>[ECF No. 43] |

Plaintiff Rodney Jerome Womack is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's motion for court order to gain access to his legal books, filed July 27, 2020.  The Court construes Plaintiff's motion as a request for a preliminary injunction.

**I.**

**DISCUSSION**

A preliminary injunction is an extraordinary remedy never awarded as of right. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 9 (2008). For each form of relief sought in federal court, Plaintiff must establish standing. Summers v. Earth Island Institute, 555 U.S. 488, 493 (2009); Mayfield v. United States, 599 F.3d 964, 969 (9th Cir. 2010).  This requires Plaintiff to show that he is under

1 threat of suffering an injury in fact that is concrete and particularized; the threat must be actual and
2 imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the
3 defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury.
4 Summers, 555 U.S. at 493; Mayfield, 599 F.3d at 969.

5 Further, any award of equitable relief is governed by the Prison Litigation Reform Act, which
6 provides in relevant part, "Prospective relief in any civil action with respect to prison conditions shall
7 extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or
8 plaintiffs. The court shall not grant or approve any prospective relief unless the court finds that such
9 relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right,
10 and is the least intrusive means necessary to correct the violation of the Federal right." 18 U.S.C. '
11 3626(a)(1)(A). Thus, the federal court's jurisdiction is limited in nature and its power to issue equitable
12 orders may not go beyond what is necessary to correct the underlying constitutional violations which
13 form the actual case or controversy. 18 U.S.C. § 3626(a)(1)(A); Summers, 555 U.S. at 493; Steel Co. v.
14 Citizens for a Better Env't, 523 U.S. 83, 103-104 (1998).

15 Plaintiff's request for injunctive relief must be denied.  First, the settlement conference set for
16 October 8, 2020, was vacated at the request of Defendants.  (ECF Nos. 41, 42.)  Second, the relief that
17 Plaintiff seeks is different in kind from the that set forth in the operative complaint.  The motion is
18 based on confiscation of four of his legal books which took place after this action was filed.  It is
19 appropriate to grant a preliminary injunction providing "intermediate relief of the same character as
20 that which may be granted finally. De Beers Consol. Mines v. U.S., 325 U.S. 212, 220 (1945).  A
21 court should not issue an injunction when the relief sought is not of the same character and the
22 injunction deals with a matter lying wholly outside the issues in the underlying action.  Id.  In addition,
23 Plaintiff is seeking an order directed to a non-party.  The Court does not have jurisdiction to order
24 injunctive relief which would require directing parties not before the Court to take action.  Zepeda v.
25 United States Immigration & Naturalization Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court
26 may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction
27 over the claim; it may not attempt to determine the rights of persons not before the court.").  This
28 action is proceeding Defendants W. Gibbons, A. Gomez, E. Smith, and G. Obrien for excessive force

and deliberate indifference to a serious medical need.  These asserted claims are unrelated to his allegations that he is being denied access to four of his legal books.  Thus, the pendency of this action does not provide a basis for the Court to issue an order for the injunctive relief that Plaintiff seeks.

Lastly, to the extent Plaintiff contends that he has been denied access to the courts, his claim is without merit.  Imates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, to state a viable claim for relief, Plaintiff must show that he suffered an actual injury, which requires "actual prejudice to contemplated or existing litigation." Nevada Dep't of Corr. v. Greene, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 348) (internal quotation marks omitted); Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

A prisoner cannot submit conclusory declarations of injury by claiming his access to the courts has been impeded.  Thus, it is not enough for an inmate to show some sort of denial of access without further elaboration.  Plaintiff must demonstrate "actual injury" from the denial and/or delay of access.  The Supreme Court has described the "actual injury" requirement:

> [T]he inmate … must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim.  He might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known.  Or that he suffered arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

Lewis, 518 U.S. at 351.

In this instance, Plaintiff has failed to allege or demonstrate "actual injury" by the failure of access to four of his legal books.  Thus, Plaintiff has failed to demonstrate that in the absence of preliminary injunctive relief he is likely to suffer actual injury in prosecuting his case.  "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988), citing Goldies Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Accordingly, Plaintiff's request for injunctive relief should be denied.

## II.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Plaintiff's request for injunctive relief, filed July 27, 2020, be DENIED.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 29, 2020**

UNITED STATES MAGISTRATE JUDGE