1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**

9               **EASTERN DISTRICT OF CALIFORNIA**

10

11   RODNEY JEROME WOMACK,                )   Case No.: 1:19-cv-00615-AWI-SAB (PC)
                                          )
12                Plaintiff,              )
                                          )   ORDER DENYING PLAINTIFF'S MOTION
13          v.                            )   TO COMPEL
                                          )
14   W. GIBBONS, et al.,                  )   (ECF No. 51)
                                          )
15                Defendants.             )
                                          )
16                                        )
                                          )
17   _____ )

18          Plaintiff Rodney Jerome Womack is appearing pro se and in forma pauperis in this civil rights

19   action pursuant to 42 U.S.C. § 1983.

20          Currently before the Court is Plaintiff's motion to compel, filed October 15, 2020.

21                                        **I.**

22                              **RELEVANT BACKGROUND**

23          This action is proceeding against Defendants W. Gibbons, A. Gomez, E. Smith, and G. O'Brien

24   for excessive force and deliberate indifference to a serious medical need.

25          On June 5, 2020, Defendants Gibbons and Gomez filed an answer to the complaint.  (ECF No.

26   30.)

27          On July 29, 2020, the Court issued the discovery and scheduling order.  (ECF No. 44.)

28   ///

                                          1

On August 10, 2020, Defendants Smith and O'Brien filed a timely answer to the complaint. (ECF No. 48.)

On August 11, 2020, the Court issued an order extending the discovery and scheduling order to Defendants Smith and O'Brien.  (ECF No. 49.)

As previously stated, on October 15, 2020, Plaintiff filed a motion to compel against Defendants Gibbons and Gomez.  (ECF No. 51.)  On November 5, 2020, Defendants Gibbons and Gomez filed an opposition to Plaintiff's motion.  (ECF No. 52.)  On November 6, 2020, Defendants O'Brien and Smith joined the opposition filed by Defendants Gibbons and Gomez.  (ECF No. 53.) Plaintiff did not file a reply and the time to do so has now expired.  Local Rule 230(l).

## II.

## LEGAL STANDARD

Plaintiff is proceeding pro se and he is a state prisoner challenging his conditions of confinement.  As a result, the parties were relieved of some of the requirements which would otherwise apply, including initial disclosure and the need to meet and confer in good faith prior to involving the Court in a discovery dispute.  Fed. R. Civ. P. 26(a)(1); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 37(a)(1); Local Rules 240, 251; ECF No. 84.  Further, where otherwise discoverable information would pose a threat to the safety and security of the prison or infringe upon a protected privacy interest, a need may arise for the Court to balance interests in determining whether disclosure should occur.  See Fed. R. Civ. P. 26(c); Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n.21 (1984) (privacy rights or interests implicit in broad purpose and language of Rule 26(c)); Burlington N. & Santa Fe Ry. Co. v. United States Dist. Court for the Dist. of Montana, 408 F.3d 1142, 1149 (9th Cir. 2005) (discussing assertion of privilege); Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. 1995) (recognizing a constitutionally-based right of privacy that can be raised in discovery); see also Garcia v. Clark, No. 1:10-CV-00447-LJO-DLB PC, 2012 WL 1232315, at *6 n.5 (E.D. Cal. Apr. 12, 2012) (noting inmate's entitlement to inspect discoverable information may be accommodated in ways which mitigate institutional safety concerns); Robinson v. Adams, No. 1:08-cv-01380-AWI-BAM PC, 2012 WL 912746, at *2-3 (E.D. Cal. Mar. 16, 2012) (issuing protective order regarding documents containing information which implicated the safety and security of the prison); Orr v. Hernandez, No.

CV-08-0472-JLQ, 2012 WL 761355, at *1-2 (E.D. Cal. Mar. 7, 2012) (addressing requests for protective order and for redaction of information asserted to risk jeopardizing safety and security of inmates or the institution if released); Womack v. Virga, No. CIV S-11-1030 MCE EFB P, 2011 WL 6703958, at *5-6 (E.D. Cal. Dec. 21, 2011) (requiring defendants to submit withheld documents for in camera review or move for a protective order).

However, this is a civil action to which the Federal Rules of Civil Procedure apply.  The discovery process is subject to the overriding limitation of good faith, and callous disregard of discovery responsibilities cannot be condoned.  Asea, Inc. v. Southern Pac. Transp. Co., 669 F.2d 1242, 1246 (9th Cir. 1981) (quotation marks and citation omitted).  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."  Fed R. Civ. P. 26(b)(1).

Generally, if the responding party objects to a discovery request, the party moving to compel bears the burden of demonstrating why the objections are not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  This requires the moving party to inform the Court which discovery requests are the subject of the motion to compel, and, for each disputed response, why the information sought is relevant and why the responding party's objections are not meritorious.  Grabek, 2012 WL 113799, at *1; Womack, 2011 WL 6703958, at *3; Mitchell, 2010 WL 3835765, at *2; Ellis, 2008 WL 860523, at *4.  However, the Court is vested with broad discretion to manage discovery and notwithstanding these procedures, Plaintiff is entitled to leniency as a pro se litigant; therefore, to the extent possible, the Court endeavors to resolve his motion to compel on its merits.  Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012); Surfvivor Media, Inc. v. Survivor Productions, 406 F.3d 625, 635 (9th Cir. 2005); Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).

Pursuant to Rule 34(a) of the Federal Rules of Civil Procedure, "any party may serve on any other party a request to produce and permit the party making the request...to inspect and copy any designated documents...which are in the possession, custody or control of the party upon whom the request is served." Fed. R. Civ. P. 34(a)(1). "[A] party need not have actual possession of documents to be deemed in control of them." Clark v. Vega Wholesale Inc., 181 F.R.D. 470, 472 (D. Nev. 1998) (quoting Estate of Young v. Holmes, 134 F.R.D. 291, 294 (D. Nev. 1991) ). "A party that has a legal right to obtain certain documents is deemed to have control of the documents." Clark, 181 F.R.D. at 472; Allen v. Woodford, No. CV–F–05–1104 OWW LJO, 2007 WL 309945, *2 (E.D. Cal. Jan. 30, 2007) (citing In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995) ); accord Evans v. Tilton, No. 1:07CV01814 DLB PC, 2010 WL 1136216, at *1 (E.D. Cal. Mar. 19, 2010). Under Rule 34(b), the party to whom the request is directed must respond in writing that inspection and related activities will be permitted as requested, or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2). A reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence, Uribe v. McKesson, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2–3 (E.D. Cal. Mar. 9, 2010).

If responsive documents do exist but the responsive party claims lack of possession, control, or custody, the party must so state with sufficient specificity to allow the Court (1) to conclude that the responses were made after a case-specific evaluation and (2) to evaluate the merit of that response. Ochotorena v. Adams, No. 1:05–cv–01525–LJO–DLB (PC), 2010 WL 1035774, at *3–4 (E.D. Cal. Mar. 19, 2010). As with previously discussed forms of discovery, boilerplate objections do not suffice. Fed. R. Civ. P. 34(b)(2)(B), (C); Burlington N. & Santa Fe Ry. Co., 408 F.3d at 1149.

## III.

## DISCUSSION

Plaintiff moves to compel further responses to Request for Production of Documents, Set One.

In opposition, Defendants argue Plaintiff's motion has failed to identify which requests are at issue, fails to explain why Defendants' objections are meritless, and fails to acknowledge documents he has already received.

Defendants submit that on August 19, 2020, Plaintiff served Request for Production of Documents, Set One, consisting of fifteen separate requests addressed to all Defendants.  (Declaration of Nicole Cahill ("Cahill Decl.") ¶ 2, Ex. 1, ECF No. 52-1.)  Defendants Gomez and Gibbons served responses on September 30, 2020.  (Cahill Decl. ¶ 3, Ex. 2.)  In their responses, Defendants objected to various requests, but provided Plaintiff with the appeal documents and Plaintiff's recorded interview.  By way of the Office of the Attorney General, Defendants Smith and O'Brien served responses to Plaintiff's requests on October 5, 2020.  (Cahill Decl. ¶ 4.)  Although Defendants Smith and O'Brien raised several objections, various policies, appeal documents, and records were produced to Plaintiff.  (Cahill Decl. ¶ 4, Ex. 3.)

Plaintiff contends that Defendants "are simply making excuses not to provide Plaintiff with the fifteen (15) documents he's requesting.  Plaintiff's Request Production of Documents (see attached 1 of 6 pages) are simply asking Defendants to provide him official policy procedure protocols, and any and all documentation relating to defendants W. Gibbons and A. Gomez, in connection with them assaulting Plaintiff on the date of the incident December 22, 2018.  Plaintiff argue[s] that these requests are basic and fundamental."  (Mot. at 3.)  Plaintiff argues that Defendants "violated their own CDCR policy procedures by attacking mental health inmate unjustifiably, covering up the attack for two weeks, and denying mental health inmate medical attention and mental health attention immediately after Defendants assaulted Plaintiff."  (Mot. at 3-4.)

**Ruling:**  Plaintiff's motion to compel shall be denied.  First, Plaintiff does not identify which of the specific fifteen requests he seeks to compel further responses.  Rather, it appears that Plaintiff simply seeks an order compelling responses to all of fifteen of his requests.  However, Defendants Gibbons and Gomez provided responses and documents and Plaintiff does not explain what more is required of Defendants.  Second, Plaintiff does not identify and explain how each of Defendants' objections were not justified.  Grabek v. Dickinson, No. CIV S-10-2892 GGH P, 2012 WL 113799, at *1 (E.D. Cal. Jan. 13, 2012); Womack, 2011 WL 6703958, at *3; Mitchell v. Felker, No. CV 08-119RAJ, 2010 WL 3835765, at *2 (E.D. Cal. Sep. 29, 2010); Ellis v. Cambra, No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).  Without explanation, Defendants cannot be expected to provide further responses.  In addition, it is not the duty of the Court to review

Defendants' responses to Plaintiff's discovery requests to justify his motion to compel.  Third, Defendants have demonstrated that Plaintiff is now in possession of various documents he seeks to compel.  Accordingly, Plaintiff's motion to compel shall be denied.

**IV.**

**ORDER**

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion to compel, filed on October 15, 2020 (ECF No. 51) is DENIED.


IT IS SO ORDERED.

Dated:   __**December 16, 2020**__                    _____

UNITED STATES MAGISTRATE JUDGE