UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>    Plaintiff,<br><br>  v.<br><br>W. GIBBONS, et al.,<br><br>    Defendants. | Case No.: 1:19-cv-00615-AWI-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION FOR DISCOVERY SANCTIONS<br><br>(ECF No. 63) |

Plaintiff Rodney Jerome Womack is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants' motion for discovery sanctions, filed June 18, 2021.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants W. Gibbons, A. Gomez, E. Smith, and G. O'Brien for excessive force and deliberate indifference to a serious medical need.

On June 5, 2020, Defendants Gibbons and Gomez filed an answer to the complaint. (ECF No. 30.)

On July 29, 2020, the Court issued the discovery and scheduling order. (ECF No. 44.)

1

1       On August 10, 2020, Defendants Smith and O'Brien filed a timely answer to the complaint.
2 (ECF No. 48.)
3       On August 11, 2020, the Court issued an order extending the discovery and scheduling order to
4 Defendants Smith and O'Brien.  (ECF No. 49.)
5       On March 24, 2021, Defendants Gibbons and Gomez filed a motion to compel discovery
6 responses.  (ECF No. 55.)
7       On March 29, 2021, Defendants Smith and O'Brien filed a motion to compel discovery
8 responses.  (ECF No. 56.)  Plaintiff did not file an opposition.
9       On May 3, 2021, the Court granted Defendants' motion to compel, and Plaintiff was directed
10 to file responses to the outstanding requests for production of documents within thirty days.  (ECF No.
11 57.)
12       On June 18, 2021, Defendants O'Brien and Smith filed the instant motion for discovery
13 sanctions.  (ECF No. 63.)  Plaintiff filed an opposition on July 7, 2021, and Defendants filed a reply on
14 July 14, 2021.  (ECF Nos. 67, 69.)
15       On July 20, 2021, the Court ordered Defendants Gibbons and Gomez to provide a copy of any
16 discovery documents received by Plaintiff, and continued Defendants O'Brien and Smith's motion for
17 discovery sanctions.  (ECF No. 70.)
18       On July 26, 2021, Plaintiff filed a sur-reply, and a supplemental sur-reply on July 29, 2021.
19 (ECF Nos. 71, 72.)
20       On August 3, 2021, Defendants Gibbons and Gomez filed a response to the Court's July 20,
21 2021, indicating that they never received any discovery documents from Plaintiff.  (ECF No. 73.)
22
23           **II.**
24           **LEGAL STANDARDS**
25       "District courts have the inherent power to control their dockets. In the exercise of that power
26 they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing
27 Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961) ).
28

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); Local Rule 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979) ) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order). Moreover, the Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003) ).

> [The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions.

Id. (footnote citations omitted). "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident that the parties will ever have access to the true facts." Id. (footnote citation and internal quotation marks omitted).

### III.

### DISCUSSION

Defendants O'Brien and Smith argue that this action should be dismissed based on Plaintiff's repeated refusals to comply with the Court's discovery orders, including the initial discovery and scheduling order, and the order compelling Plaintiff to serve and file responses to Defendants' discovery requests.

In his initial opposition, filed on July 7, 2021, Plaintiff contends that on or about June 23, 2021, he served discovery documents on Defendants Gibbons and Gomez, and he requested that a copy of the documents be forwarded to Defendants O'Brien and Smith. (ECF No. 67.) Based on Plaintiff's response, on July 20, 2021, the Court ordered Defendants Gibbons and Gomez to serve a

3

1 copy of the discovery documents on Defendants O'Brien and Gomez within twenty days. (ECF No.
2 70.) However, on August 3, 2021, Defendants Gibbons and Gomez filed a response indicating that
3 they never received any discovery documents from Plaintiff. (ECF No. 73.)

4       Plaintiff contends that he forwarded Defendants Gibbons and Gomez the original and only
5 copy of his discovery documents because it would have been extremely difficult to copy as he is
6 housed in the administrative segregation house. (ECF No. 71 at 2.) Plaintiff further contends that he
7 has been diligently attempting to obtain copies of additional medical documents to provide to
8 Defendants and provides copies of Requests for Interviews. (ECF No. 71 at 3-4; ECF No. 72 at 2, 4-
9 5.)

10       Before imposing terminating sanctions, due process requires that a Court find that a litigant's
11 conduct was the result of "willfulness, bad faith, or fault." Hyde & Drath v. Baker, 24 F.3d 1162, 1167
12 (9th Cir. 1994) (citing Wyle v. R.J. Reynolds Indus., 709 F.2d 585, 589 (9th Cir. 1983)). To find that a
13 litigant has acted with "willfulness, bad faith, or fault," a court need only find that the failure to
14 participate in discovery was "disobedient conduct not shown to be outside the control of the litigant."
15 Fjelstad, 762 F.2d at 1341. The willfulness standard simply requires that the "punished conduct [is]
16 within the litigant's control." Id. On the other hand, if the failure to produce is the result of
17 circumstances outside of the recalcitrant party's control or an inability to fulfill the party's litigation
18 obligations, dismissal is not proper. United States v. Sumitomo Marine & Fire Ins. Co., Ltd., 617 F.2d
19 1365, 1369 (9th Cir. 1980).

20       Here, as stated above, Defendants served requests for production of documents on Plaintiff,
21 and when he completely failed to serve any responses, Defendants moved to compel his responses.
22 (ECF No. 55, 56.) On May 31, 2021, the Court granted Defendants' motions to compel, and ordered
23 Plaintiff to file responses to the requests for production of documents, without objection, within thirty
24 days. (ECF No. 57.) After no response was received, Defendants O'Brien and Smith filed the instant
25 motion for terminating sanctions, or alternatively, evidentiary sanctions because Plaintiff failed to
26 comply with the Court's order compelling his responses. (ECF No. 63.) Plaintiff filed a response to
27 Defendants' motion, but it is neither a substantive opposition to the motion, nor a response to
28 Defendants' request for production of documents. (ECF No. 67.) Rather, Plaintiff simply contends

that on or about June 23, 2021, he sent 900 pages of unspecified medical records to Defendants Gibbons and Gomez, and that he is in the process of obtaining additional medical and mental health records from his institution. (Id.) On July 14, 2021, Plaintiff filed a notice of change of address indicating that he was transferred to a new institution, and he is attempting to obtain "discovery responses." (ECF No. 68.)

Defendants Gibbons and Gomez filed a response on August 3, 2021 indicating that they never received any discovery documents from Plaintiff. (ECF No. 73.) Thus, despite several warnings of the consequences, Plaintiff has failed to comply with the Court's orders. That is, Plaintiff has not served and filed a response to Defendants' request for production of documents in compliance with Federal Rule of Civil Procedure 34(b)(2). More specifically, Plaintiff has failed to produce documents relevant to his Eighth Amendment claims for excessive force and deliberate indifference to a serious medical need; he has not produced documents to support his alleged damages; and most importantly, he has not produced the signed witness statements that he identified at his deposition which he acknowledged were located in his cell. (Longyear Decl. ¶¶ 3-4, ECF No. 55; Goodwin Decl. ¶ 9, ECF No. 56.) Plaintiff's response fails to address the specific set of documents requested by Defendants and ordered by the Court to be produced. (ECF No. 57.) Plaintiff's response also fails to address the prejudice to Defendants based on his non-compliance with the discovery disclosures. Plaintiff's lack of compliance with his discovery obligations and lack of adequate response to Defendants' claim that they have not received any discovery documents from him, support a finding that his actions were willful and intentional, and that he has acted in bad faith. Further, Plaintiff's contention that he is not able to make copies of documents because he is housed in the administrative segregation unit is conclusory in nature and does not support his non-compliance with the discovery obligations.

The Court now turns to the five factors which it must consider when a party seeks terminating sanctions. The first two factors, the public interest in expeditious resolution of litigation and the Court's need to manage its docket, weigh in favor of dismissal. Malone v. United States Postal Service, 833 F.2d 128, 131 (9th Cir. 1987). The third factor also weighs in favor of dismissal because Defendants have not received any discovery documents from Plaintiff, despite the prior discovery requests and the Court's order directing Plaintiff to provide such documents. Although Plaintiff

contends that on or about June 23, 2021, he provided 900 pages of medical documents to Defendants Gibbons and Gomez, to date, they have not received such documents, and Plaintiff has not explained why Defendants did not receive the documents.  In fact, Plaintiff provides no other information as to the service of the documents other than that he forwarded his original copy to Defendants on or about June 23, 2021.  Thus, it is clear that the lack of disclosure of the discovery documents has lead to delay in this action which presumptively prejudices Defendants.  See Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) ("Unreasonable delay creates a presumption of injury to the defense."). The risk of prejudice is obvious as Defendants have not had the benefit of Plaintiff's discovery responses to evaluate a potential dispositive motion, resulting in Defendants having to separately move to modify the dispositive motion deadline.  (ECF No. 74.)  Defendants have also had to incur expenses seeking the Court's assistance to enforce its orders and Plaintiff's discovery obligations.  In addition, discovery is now closed.  Although dismissal is disfavored under the fourth factor, because public policy strongly favors disposition on the merits, in this case, Plaintiff's own conduct has delayed a decision on the merits, and his willful defiance of the Court's discovery orders necessitated a motion to compel, a motion to modify the scheduling order, and the instant motion for sanctions.  Thus, the fourth factor—public policy favoring disposition of cases on their merits—is not compelling when it is thwarted by Plaintiff's own actions.

As to the availability of lesser sanctions, the relevant questions are: "(1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" Malone, 833 F.2d at 132.  "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." Id. at 131-32 (quoting United States v. Nat'l Med. Enters., Inc., 792 F.2d 906, 912 (9th Cir. 1986)). A "[w]arning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement." Estrada v. Speno & Cohen, 244 F.3d 1050, 1057 (9th Cir. 2001); Malone, 833 F.2d at 132–33; Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1413 (9th Cir. 1990).  Here, the Court has repeatedly warned Plaintiff of the

6

consequences for the failure to comply with his discovery obligations and compliance with court orders. In the first informational order, Plaintiff was warned that he was required to comply with the Federal Rules of Civil Procedure and that the failure to comply will be grounds for imposition of sanctions, including dismissal. (ECF No. 7.) After Defendants answered the complaint, the Court issued the discovery and scheduling order, which again warned Plaintiff that his failure to act in good faith in discovery "may result in the payment of expenses pursuant to Federal Rule of Civil Procedure 37(a)(5) or other appropriate sanctions authorized by the Federal Rules of Civil Procedure or the Local Rules." (ECF No. 44.) These warnings suffice in demonstrating that lesser drastic sanctions are not feasible. See Malone, 833 F.2d at 132 (warning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the "consideration of alternatives" requirement). Furthermore, monetary sanctions do not appear to be a sufficient deterrent as Plaintiff is proceeding in forma pauperis and to date has not paid any of the filing fee. Thus, imposing monetary sanctions would be meaningless. Moreover, giving Plaintiff yet another opportunity to comply with his discovery obligations appears futile as he has not addressed the fact that Defendants have not received any discovery documents. The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d at 1424. Accordingly, the Court finds that there are no other, lesser sanctions that would be satisfactory or effective. Therefore, the Court finds this factor favors terminating sanctions.

## IV.

### CONCLUSION AND RECOMMENDATIONS

Because the Court concludes that Plaintiff acted willfully by failing to comply with the court's order and after the consideration of the five factors that support terminating sanctions, the Court finds that Defendants' motion to dismiss the action as a discovery sanction should be granted. See In the Matter of Visioneering Const., 661 F.2d 119, 123 (9th Cir. 1982) ("Rule 37 provides for, *inter alia*, the entering of a judgment by default for the failure of a party to attend a properly noticed deposition or serve answers to interrogatories or respond to requests for inspection of documents."); Hammond Packing Co. v. Arkansas, 212 U.S. 322, 351 (1909) (dismissal does not offend due process, when, as

here, the dismissal (or default) is a sanction for "the suppression or failure to produce the proof ordered, when such proof concerned the rightful decision of the cause").

Based on the foregoing, it is HEREBY RECOMMENDED:

1. Defendants' motion to dismiss this action be granted; and
2. The instant action be dismissed as a discovery sanction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **twenty-one (21) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 2, 2021**

UNITED STATES MAGISTRATE JUDGE