UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>W. GIBBONS, et al.,<br><br>Defendants. | No. 1:19-cv-00615-ADA-SAB (PC)<br><br>ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PLAINTIFF'S FAILURE TO UPDATE ADDRESS OF RECORD<br><br>ORDER DIRECTING PLAINTIFF TO FILE RESPONSE TO REQUESTS FOR PRODUCTION OF DOCUMENTS<br><br>DIRECTING CLERK OF COURT TO SERVE ORDERS ON PLAINTIFF AT SALINAS VALLEY STATE PRISON<br><br>(ECF No. 100) |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 1, 2021 the instant action was dismissed as a discovery sanction based on Plaintiff's failure to produce discovery. (ECF Nos. 80, 81.)

On October 21, 2021, Plaintiff filed a notice of appeal. On July 3, 2023, the United States Court of Appeals for the Ninth Circuit reversed and remanded the action finding that dismissal of the action under Federal Rule of Civil Procedure 37 was improper. (ECF No. 98.) Therein, the Court noted that Plaintiff "declared that he mailed a signed declaration of the eyewitnesses, as well as available medical records, to defendants." (Id. at 2.) However, Defendants "contended that they had not received [Plaintiff's] prior mailing of medical records." (Id.)

1

Based on Plaintiff's representation that he possessed and previously sent the applicable discovery documents to Defendants, which Defendants contend they did not receive, the Court ordered Plaintiff to respond to Defendants request for productions, without objection, within thirty days of July 13, 2023.  (ECF No. 100.)  The Court also advised Defendants if Plaintiff failed to comply with the order they could file a further motion to compel.  (Id.)  The Court's July 13, 2023, order was returned to the Court by the United States Postal Service as undeliverable on July 25, 2023.  See Local Rule 182(f) (service of documents at prior address of record full effective, absent notice of change of address).  Because Plaintiff has not served responses to Defendants' requests for production of documents, the Court will again order that such responses be served on Defendants.

After the thirty-day deadline passed and no motion to compel was filed, the Court issued an order on August 29, 2023, setting the dispositive motion as November 28, 2023.  (ECF No. 103.)  On September 8, 2023, the Court's August 29, 2023, order was returned by the United States Postal Service as undeliverable.

On September 8, 2023, Defendants Obrien and Smith filed a motion for sanctions.  (ECF No. 104.)  On September 25, 2023, Defendants Gibbons and Gomez joined the motion.  (ECF No. 105.)

Given that the Court's orders have been returned as undeliverable to Plaintiff, it is clear from the record that Plaintiff has failed to keep the Court and opposing parties advised of his current address.  Indeed, the Court takes judicial notice of the California Department of Corrections and Rehabilitation's inmate locator at https://inmatelocator.cdcr.ca.gov/Results.aspx which lists Plaintiff's current address of record as Salinas Valley State Prison.  See In re Yahoo Mail Litig., 7 F. Supp. 3d. 1016, 1024 (N.D. Cal. 2014) (court may take judicial notice of information on "publicly accessible websites" not subject to reasonable dispute); Louis v. McCormick & Schmick Restaurant Corp., 460 F. Supp. 2d. 1153, 1155 n.4 (C.D. Cal. 2006) (court may take judicial notice of state agency records).

///

///

Plaintiff is required to keep the Court apprised of his current address at all times. Local Rule 183(b) provides:

> Address Changes. A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

Federal Rule of Civil Procedure 41(b) also provides for dismissal of an action for failure to prosecute.

Plaintiff's address change was due no later than September 28, 2023. Plaintiff has failed to file a change of address and he has not otherwise been in contact with the Court. "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); accord Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010); In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re PPA, 460 F.3d at 1226 (citation omitted).

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff shall show cause within **fourteen (14)** days from the date of service of this order why the action should not be dismissed for failure to prosecute;

2. The Clerk of Court shall serve a copy of the Court's July 13, 2023 order (ECF No. 100) and a copy of the current order on Plaintiff at Salinas Valley State Prison, P.O. Box 1050, Soledad, CA 93960-1050;

3. Within **thirty (30)** days from the date of service of this order and in accordance with the May 3, 2021 order, Plaintiff shall filed responses to Defendants' requests for productions, without objections, along with copies of any responsive documents;

and

3. Plaintiff's failure to respond to this order will result in a recommendation to dismiss the action for failure to prosecute.

IT IS SO ORDERED.

Dated: **September 26, 2023**

UNITED STATES MAGISTRATE JUDGE

4