UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>    Plaintiff,<br><br>    v.<br><br>W. GIBBONS, et al.,<br><br>    Defendants. | No. 1:19-cv-00615-ADA-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE PLAINTIFF'S ADDRESS OF RECORD AND DIRECTING PLAINTIFF TO SERVE DISCOVERY REQUESTS ON DEFENDANTS ON OR BEFORE **DECEMBER 11, 2023**<br><br>(ECF No. 110) |

    Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.

    On October 21, 2021, Plaintiff filed a notice of appeal. On July 3, 2023, the United States Court of Appeals for the Ninth Circuit reversed and remanded the action finding that dismissal of the action under Federal Rule of Civil Procedure 37 was improper. (ECF No. 98.) Therein, the Court noted that Plaintiff "declared that he mailed a signed declaration of the eyewitnesses, as well as available medical records, to defendants." (Id. at 2.) However, Defendants "contended that they had not received [Plaintiff's] prior mailing of medical records." (Id.)

    On July 13, 2023, the Court ordered Plaintiff to produce documents to Defendants within thirty days. (ECF No. 100.) Plaintiff failed to produce any documents.[1]

    Therefore, on September 8, 2023, Defendants O'Brien and Smith filed a motion to dismiss the action as a discovery sanction. (ECF No. 104.) On September 25, 2023, Defendants Gibbons

---

[1] The Court notes that the July 13, 2023, was returned by the United States Postal Service on July 25, 2023 as "undeliverable." In the interest of justice and judicial efficiency, the Court will make a one-time exception and update Plaintiff's address of record to reflect that he is currently incarcerated at Salinas Valley State Prison as represented on his November 17, 2023, filing. However, Plaintiff is advised that it is his responsibility to keep the Court apprised of his current address at all times. Local Rule 183(b). Absent notice of a party's change of address, service of documents at the prior address of the party is fully effective.

1

and Gomez joined in the motion to dismiss. (ECF No. 105.) On September 27, 2023, the Court issued an order to show cause why the action should not be dismissed for failure to prosecute, namely, failure to update address of record. (ECF No. 106.)

On November 17, 2023, Plaintiff filed a response to Defendants' motion to dismiss. (ECF No. 110.) Plaintiff contends that he did not receive Defendants' motion to dismiss the action as a discovery sanction or the Court's September 17, 2023, order to show cause why the action should not be dismissed for failure to prosecute. (Id. at 2.) Plaintiff submits that he "will gladly respond to any discovery requests from the Defendants." (Id.)

Based on Plaintiff's November 17, 2023, response and the fact that he previously represented that he possesses and sent the applicable discovery documents to Defendants, it is HEREBY ORDERED that:

1. Plaintiff shall produce the documents responsive to Defendants' request for production of documents, without objection, along with copies of any responsive documents on or before **December 11, 2023**;

2. Defendants shall file a notice with the Court indicating whether they have received the discovery documents on or before **December 18, 2023**;

3. The Clerk of Court shall update Plaintiff's address to reflect that he is currently housed at Salinas Valley State Prison, P.O. Box 1050, Soledad, CA 93960; and

3. <u>Plaintiff's failure to comply with this order will result in a recommendation to dismiss the action for failure to prosecute and failure to comply with a court order</u>.

IT IS SO ORDERED.

Dated:   **November 20, 2023**

UNITED STATES MAGISTRATE JUDGE