1
2
3
4
5
6
7

8        UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY JEROME WOMACK,                    No.  1:19-cv-00615-KES-SAB (PC)

12              Plaintiff,                     FINDINGS AND RECOMMENDATION
                                              REGARDING DEFENDANTS' MOTION
13        v.                                   FOR DISCOVERY SANCTIONS

14   W. GIBBONS, et al.,                       (ECF No. 104)

15              Defendants.

16

17        Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant

18   to 42 U.S.C. § 1983.

19        Currently before the Court is Defendants' motion for discovery sanctions, filed September

20   8, 2023.  (ECF No. 104.)

21                                            **I.**

22                                       **BACKGROUND**

23        This action is proceeding against Defendants W. Gibbons, A. Gomez, E. Smith, and G.

24   O'Brien for excessive force and deliberate indifference to a serious medical need.

25        On June 5, 2020, Defendants Gibbons and Gomez filed an answer to the complaint.  (ECF

26   No. 30.)

27        On July 29, 2020, the Court issued the discovery and scheduling order.  (ECF No. 44.)

28        On August 10, 2020, Defendants Smith and O'Brien filed a timely answer to the

1

1  complaint.  (ECF No. 48.)

2       On August 11, 2020, the Court issued an order extending the discovery and scheduling

3  order to Defendants Smith and O'Brien.  (ECF No. 49.)

4       On March 24, 2021, Defendants Gibbons and Gomez filed a motion to compel discovery

5  responses.  (ECF No. 55.)

6       On March 29, 2021, Defendants Smith and O'Brien filed a motion to compel discovery

7  responses.  (ECF No. 56.)  Plaintiff did not file an opposition.

8       On May 3, 2021, the Court granted Defendants' motion to compel, and Plaintiff was

9  directed to file responses to the outstanding requests for production of documents within thirty

10  days.  (ECF No. 57.)

11       On June 18, 2021, Defendants O'Brien and Smith filed the instant motion for discovery

12  sanctions.  (ECF No. 63.)  Plaintiff filed an opposition on July 7, 2021, and Defendants filed a

13  reply on July 14, 2021.  (ECF Nos. 67, 69.)

14       On July 20, 2021, the Court ordered Defendants Gibbons and Gomez to provide a copy of

15  any discovery documents received by Plaintiff, and continued Defendants O'Brien and Smith's

16  motion for discovery sanctions.  (ECF No. 70.)

17       On July 26, 2021, Plaintiff filed a sur-reply, and a supplemental sur-reply on July 29,

18  2021.  (ECF Nos. 71, 72.)

19       On August 3, 2021, Defendants Gibbons and Gomez filed a response to the Court's July

20  20, 2021, indicating that they never received any discovery documents from Plaintiff.  (ECF No.

21  73.)

22       On September 2, 2021, Findings and Recommendations were issued to grant Defendants'

23  motion for termination as a discovery sanction.  (ECF No. 77.)  The Findings and

24  Recommendations were adopted in full and judgment was entered on October 1, 2021.  (ECF

25  Nos. 80, 81.)

26       On October 21, 2021, Plaintiff filed a notice of appeal.  On July 3, 2023, the United States

27  Court of Appeals for the Ninth Circuit reversed and remanded the action finding that dismissal of

28  the action under Federal Rule of Civil Procedure 37 was improper.  (ECF No. 98.)  Therein, the

Court noted that Plaintiff "declared that he mailed a signed declaration of the eyewitnesses, as well as available medical records, to defendants." (Id. at 2.)  However, Defendants "contended that they had not received [Plaintiff's] prior mailing of medical records." (Id.)

On July 13, 2023, the Court directed Plaintiff to file responses to Defendants' request for production of documents, without objection, along with copies of any responsive documents.[1] (ECF No. 100.)

On September 8, 2023, Defendants O'Brien and Smith filed a motion to terminate the action as a discovery sanction.  (ECF No. 104.)  On September 25, 2023, Defendants Gibbons and Gomez joined in the motion.  (ECF No. 105.)

On September 27, 2023, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to update his address, and again ordered Plaintiff to file responses to Defendants' request for productions, without objection, along with copies of any responsive documents.[2]  (ECF No. 106.)

On November 7, 2023, Defendants O'Brien and Smith filed a supplement to the motion for terminating sanctions.  (ECF No. 108.)  On November 14, 2023, Defendants Gibbons and Gomez filed a supplement to their joinder in the motion for terminating sanctions.  (ECF No. 109.)

On November 17, 2023, Plaintiff filed a response to the instant motion for discovery sanctions.  (ECF No. 110.)

On November 20, 2023, the Court updated Plaintiff's address of record and directed Plaintiff to serve discovery responses on or before December 11, 2023.  (ECF No. 111.)

On December 4, 2023, Plaintiff filed a response to the Court's November 20, 2023, order. (ECF No. 114.) Plaintiff submitted that he "will provide Defendants 170 pages of mental health and medical records from Pelican Bay State Prison, Kern Valley State Prison, Tehachapi Correctional Institution., and some mental health records from Salinas Valley State Prison. Plaintiff is in the process of getting his medical records from Salinas Valley State Prison. But for

---

[1] The Court's order was returned by the United States Postal Office as "undeliverable."

[2] The Court's order was returned by the United States Postal Office as "undeliverable" "Refused."

1   now Plaintiff will provide Defendants with the attached 170 pages of mental and medical records.

2   Also, Plaintiff has attached declarations of inmates Washington and Yasyn Soto!" (Id. at 1-2.)

3          On December 18, 2023, Defendants Gibbons and Gomez filed a response. (ECF No. 115.)

4   On this same day, Defendants O'Brien and Smith filed a response. (ECF No. 116.)

5          Defendants Gibbons and Gomez acknowledged that they received some medical and

6   psychiatric records from Plaintiff, but as Plaintiff concedes there are more records to be produced.

7   (ECF No. 115 at 2.) In addition, no declarations from other inmates were provided.[3] (Id.)

8          Defendants O'Brien and Smith submitted that they did not receive any documents from

9   Plaintiff; however, counsel for co-Defendants shared the documentation that Plaintiff provided.

10   (ECF No. 116 at 1.) Defendants requested that Plaintiff be directed to submit the additional

11   responsive documents within thirty days and that Plaintiff provide responses that identify which

12   documents are in response to which discovery request, and that he do the same for any subsequent

13   documents provided. (Id. at 2.)

14          On December 19, 2023, the Court ordered Plaintiff to submit documentation, to the best of

15   his ability, to identify which documents are in response to which previous discovery requests and

16   provide the additional discovery responses identifying the correlating discovery request.  (ECF

17   No. 117.)

18          On January 29, 2024, the Court ordered Defendants to provide a status report regarding

19   the outstanding discovery. (ECF No. 118.) Defendants filed separate status reports on February 8,

20   2024. (ECF Nos. 119, 120.) Both Defendants indicated that they have not received any additional

21   medical documents from Plaintiff as directed by the Court's December 19, 2023 order. (Id.)

22   Because Plaintiff repeatedly failed to turn over the discovery documents as ordered by the Court,

23   the Court found it prudent to have Defendants assign a representative to go to Salinas Valley

24   State Prison to obtain the documents from Plaintiff on February 29, 2024.  (ECF No. 121.)

25          On March 19, 2024, Defendants Smith and O'Brien filed a status report indicating that a

26   private courier, went to Salinas Valley State Prison, and picked up 1531 pages of medical records

27

28

[3] Plaintiff later stated that he never had declarations from any other inmates, and that his previous statements otherwise were due to his misunderstanding in believing that their signatures constituted a "group declaration."  (ECF No. 119 at 1.)

that Plaintiff had given to the litigation coordinator.  (ECF No. 123, Sheps Decl. ¶ 2.)

On April 3, 2024, Plaintiff filed a response to Defendants' status report.  (ECF No. 124.)

## II.

## LEGAL STANDARDS

"District courts have the inherent power to control their dockets. In the exercise of that power they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986) (citing Link v. Wabash R.R. Co., 370 U.S. 626 (1961) ).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. Fed. R. Civ. P. 16(f); Fed. R. Civ. P. 41(b); Local Rule 110; Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (citing United States v. Warren, 601 F.2d 471, 474 (9th Cir. 1979) ) (dismissal for noncompliance with local rule); Malone v. United States Postal Serv., 833 F.2d 128, 134 (9th Cir. 1987) (dismissal for failure to comply with court order). Moreover, the Federal Rules specifically contemplate dismissal as a potential sanction for a party's failure to comply with an order compelling discovery, Fed. R. Civ. P. 37(b)(2)(A)(v), but "[o]nly 'willfulness, bad faith, and fault' justify terminating sanctions," Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills, 482 F.3d 1091, 1096 (9th Cir. 2007) (quoting Jorgensen v. Cassiday, 320 F.3d 906, 912 (9th Cir. 2003)).

"[The Ninth Circuit has] constructed a five-part test, with three subparts to the fifth part, to determine whether a case-dispositive sanction under Rule 37(b)(2) is just: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. The sub-parts of the fifth factor are whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." Conn. Gen. Life Ins. Co., 482 F.3d at 1096 (footnote citations omitted); see also Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). "The most critical factor to be considered in case-dispositive sanctions is whether a party's discovery violations make it impossible for a court to be confident

that the parties will ever have access to the true facts." Id. (footnote citation and internal quotation marks omitted).

### III.

### DISCUSSION

As reflected above, several orders have been issued since the filing of Defendants' motion for discovery sanctions.

In their most recent status report, Defendants Smith and O'Brien submit that included in the 1531 pages of documents provided on February 29, 2024, 1487 pages of the records obtained were all of Plaintiff's Salinas Valley State Prison medical records from September 22, 2022 until December 31, 2023. (ECF No. 123 at 3.) Defendants further submit that "[t]he vast majority [of] these documents are entirely irrelevant and non-responsive to any of Defendants' discovery requests, and Plaintiff has made no effort to organize said documents or in any way indicate[d] which documents are responsive to which requests. Defendants believe this is further evidence of Plaintiff's willful and bad faith abuses of discovery." (Id.)

As a result, Defendants Smith and O'Brien argue that "Plaintiff has willfully abused the subsequent changes given to him by the Court to comply with his discovery obligations, to the burden and expense of Defendants." (ECF No. 123 at 3.) Because Plaintiff has now provided some responses, Defendants submit that if terminating sanctions are not appropriate, the Court "issue an order stating Plaintiff be excluded from introducing documents into evidence at trial that were not contained within the 170 pages he initially provided on November 30, 2023.

In response, Plaintiff argues that Defendants acknowledge that they have received the 170 pages of requested documents initially provided on November 30, 2023. (ECF No. 124 at 2.)

Upon consideration of the applicable factors, the Court finds terminating sanctions inappropriate.

There is no doubt that it took too long for Plaintiff to provide discovery responses, and Plaintiff's failure to comply in this matter has unnecessarily required the Court to devote time and resources on this action which could have been devoted to other cases on the Court's docket. Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Nonetheless, Plaintiff has now,

1  unequivocally, provided 1531 pages of documentation to Defendants which negates a finding

2  Plaintiff willfully abused his discovery obligation.  Although Defendants submit that the bulk of

3  the documents are irrelevant or non-responsive, there is no showing of what further

4  documentation should be provided or that there has been a complete failure to cooperate such that

5  Defendants' ability to investigate the claims has been frustrated.  Thus, terminating sanctions are

6  not warranted and lesser sanctions are available.

7       In consideration of lesser sanctions than dismissal, should this case proceed to trial in the

8  future, Plaintiff will not be allowed to introduce any evidence that was not disclosed to

9  Defendants in discovery.  This sanction will remedy some prejudice to Defendants who should

10  not be forced to litigate this action without full access to all the evidence.  Indeed, Defendants

11  have not made a specific showing of how they are prejudiced—that is, how they have lost a

12  substantive or procedural right or the ability to make a part of their case—by the fact that Plaintiff

13  produced the discovery documents late and unorganized.  Accord U.S. v. Budziak, 612 F. App'x

14  882, 885 (9th Cir. 2015) (affirming denial of motion for discovery sanctions where movant failed

15  to demonstrate how he was prejudiced by the nondisclosure).  Furthermore, Defendants will be

16  allowed to seek to exclude certain documentary evidence by way of motion in limine or at trial if

17  a piece of evidence is sought to be introduced which has not been produced in discovery.  In

18  addition, the case can then proceed to a consideration on the merits.  Eitel v. McCool, 782 F.2d

19  1470, 1472 (9th Cir. 1986).  Although the public interest and the Court's need to manage its

20  docket may weigh in favor of terminating sanctions, the Court finds that the prejudice to

21  Defendants, the public policy in favor of resolution of cases on the merits, and the availability of

22  lesser sanctions weigh against terminating sanctions at this time.  Accordingly, Defendants'

23  motion for terminating sanctions should be denied.

### IV.

### RECOMMENDATION

26       Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion for

27  terminating discovery sanctions be denied and this matter proceed to resolution on the merits.

28       This Findings and Recommendation will be submitted to the United States District Judge

assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 24, 2024**

UNITED STATES MAGISTRATE JUDGE