UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY JEROME WOMACK,<br><br>Plaintiff,<br><br>v.<br><br>W. GIBBONS, et al.,<br><br>Defendants. | No. 1:19-cv-00615-KES-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATION AND DISMISSING ACTION<br><br>Doc. 137 |

Plaintiff is appearing pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 3, 2025, defendants G. Obrien and E. Smith filed a motion for terminating or monetary sanctions. Doc. 135. That same day, defendants W. Gibbons and A. Gomez filed a notice of joinder in the motion for terminating or monetary sanctions. Doc. 136. Plaintiff did not file an opposition.

On May 9, 2025, the assigned magistrate judge issued findings and recommendations recommending defendants' motion be granted. Doc. 137. Specifically, the magistrate judge found that plaintiff's repeated and willful disregard of court orders, most recently his refusal to attend the February 3, 2025 settlement conference, warrants terminating sanctions. *See generally id.* The findings and recommendations were served on plaintiff and contained notice that any

1

1    objections thereto were to be filed within fourteen (14) days after service. *Id.* at 14. Plaintiff
2    filed objections, Doc. 138, as to which defendants Gibbons and Gomez filed a reply, Doc. 139.

3        In his objections, plaintiff does not dispute the magistrate judge's findings as to his willful
4    disregard of prior court orders. Nor does plaintiff dispute that he deliberately and intentionally
5    refused to attend the settlement conference. Rather, he refers to his motion to appoint counsel
6    filed on January 16, 2025, in which he requested that the February 3, 2025 settlement conference
7    be stayed "if this Court [does] in fact appoint counsel," as, he argued, counsel would need time to
8    familiarize him or herself with the case (Doc. 129 at 3). *See* Doc. 138 at 2. However, the fact
9    that plaintiff had a pending motion for appointment of counsel, which the magistrate judge
10    subsequently denied, did not excuse plaintiff's failure to attend the court-ordered settlement
11    conference. In the magistrate judge's order setting the settlement conference, plaintiff was
12    warned that his failure to follow the procedures set forth in the order could result in sanctions.
13    Doc. 127 at 3.

14        In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court conducted a de
15    novo review of this case. Having carefully reviewed the file, including plaintiff's objections and
16    defendants' reply, the Court concludes that the findings and recommendations are supported by
17    the record and proper analysis. Plaintiff's repeated refusal to comply with the Court's orders
18    warrants the substantial sanction of dismissal with prejudice.

19        Accordingly,

20        1.    The findings and recommendations issued May 9, 2025, Doc. 137, are ADOPTED
21            in full;

22        2.    This action is DISMISSED with prejudice; and

23        3.    The Clerk of the Court is directed to terminate all pending motions and deadlines
24            and to CLOSE this case.

25

26    IT IS SO ORDERED.

27        Dated:   September 21, 2025

28                                                      UNITED STATES DISTRICT JUDGE